IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01877-WYD

GARY LEE HENSLEY;
WANDA RENAULT HENSLEY;
TERRY LOU HENSLEY; and
BARRY LYN HENSLEY, d/b/a ELECTRONIC SYSTEMS REPAIR,

    Plaintiffs,

v.

VENTURA COUNTY SUPERIOR COURT;
MICHAEL D. PLANET, as Executive Officer and Clerk;
L.A. COUNTY SUPERIOR COURT;
JOHN CLARKE, as the Executive Officer and Clerk;
WILLIAM BOYD RITNER, in his representative capacity as the discharged administrator for the Estate of Cary Lewis Hensley;
CLINTON DAVIS, and
RANDOLPH WINSTON COLEMAN, as individuals; and
all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the properties described in the complaint adverse to plaintiff's title thereto names as Does 1 Through 10, inclusive,

    Defendants.

## ORDER TO TRANSFER

THIS MATTER comes before the Court upon review of the file. On September 11, 2008, I issued an Order to Show Cause why the case should not be dismissed or transferred for improper venue pursuant to 28 U.S.C. § 1404(a). On September 24, 2008, the Plaintiffs filed their response to the Order to Show Cause. While the response is 18 pages in length, Plaintiffs only briefly refer to the issue of proper venue.

By way of background, the Complaint was filed in this Court on September 2,

2008. The Complaint alleges *inter alia* various violations concerning twelve parcels of land and/or property. Accordingly to the Complaint, eleven of the properties at issue are located in the State of California while one property is located in Costilla County, Colorado. In fact, in the response to the Order to Show Cause, the Plaintiffs concede that "most of the land/properties are located in Southern California, [a large farmland] a twenty-acre parcel (20 acre) is located in Northern California . . . near Gerber/Hensleyville, Ca." (Resp. at 2.) I further note that all parties reside in California except for Plaintiff Barry Lyn Hensley, who is a resident of the State of Washington. Further, the will attached to the Complaint was executed in California, the testator was a resident of California, and the underlying or related state court actions occurred in California. The only reference to venue in the voluminous response is on page 6 which states that "[t]he issue of title/lost of the Colorado State property must be conducted in the State of Colorado." (Resp. at 6.) While Plaintiffs attach a 2001 letter from an attorney in California, I do not find that the letter supports Plaintiffs' argument that venue in Colorado is proper. Plaintiffs offer no further legal authority for their contentions.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *Id.* This statute vests the Court with the discretion to transfer cases to other districts to prevent unnecessary inconvenience and expense. *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.*, 815 F. Supp. 1403 (D. Colo. 1992). Congress enacted the statute "as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal

system." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)). Although Congress drafted section 1404(a) in accordance with the doctrine of forum non conveniens, "the statute was intended to revise rather than merely codify the common law." *Id.* District courts therefore enjoy greater discretion to transfer a case pursuant to section 1404(a) than to dismiss the action based upon the forum non conveniens doctrine. *Id.*

The Tenth Circuit has held that "at any time before the defendants waive the defense of improper venue, 'a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.'" *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996) (citing *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988)). "The district court may do so by ordering the plaintiff to show cause why the case should not be dismissed or transferred on the ground venue is improper, provided the district court gives all parties adequate notice and opportunity to respond." *Id.*

After reviewing the response to my Order to Show Cause, I find that Plaintiffs offer no legal authority, intelligible arguments, or supporting documentation for their position that venue in Colorado is appropriate. Since eleven of the twelve properties at issue are located in the State of California and all but one of the parties reside in the State of California, I find that this case should be transferred to the Central District of California for the convenience of the parties and witnesses and in the interest of justice.

Accordingly, it is

ORDERED that this case shall be **TRANSFERRED** to the Central District of California for improper venue pursuant to 28 U.S.C. § 1404(a). It is

FURTHER ORDERED that the clerk of the Court shall serve this Order to Transfer on all Defendants.

Dated: September 25, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge